# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANAE WRIGHT, AN INDIVIDUAL, AND LEILANI GREEN, AN INDIVIDUAL, | § § § § § § | |
| *Plaintiffs,* | § § | Civil Action No.  SA-18-CV-1022-XR |
| v. | § § | |
| BEXAR COUNTY SHERIFF'S OFFICE, BEXAR COUNTY, et al., | § § § § | |
| *Defendants.* | § § | |

## ORDER

On this date, the Court considered Defendant Whataburger Restaurants LLC's motion to dismiss for failure to state a claim upon which relief can be granted (docket no. 3), and the response and reply thereto. For the following reasons, the Court GRANTS the motion to dismiss for failure to state a claim.

## I. BACKGROUND

Plaintiffs Vanae Wright and Leilani Green filed this suit against multiple defendants pursuant to 42 U.S.C. § 1983 alleging violations of their rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Docket no. 1 at ¶ 19. Plaintiffs further assert causes of action for negligence, assault, false arrest/false imprisonment, intentional infliction of emotional distress, and "failure to supervise" as "pendent state cause[s] of action." *Id.* at ¶¶ 30, 36, 42, 48, 59.

Plaintiffs, who were minors at the time, allege they were eating at Defendant Whataburger's location in San Antonio, Texas on September 2, 2016, when an altercation took

place in the Whataburger parking lot. *Id.* at ¶¶ 7, 9. Plaintiffs claim they were not involved in the altercation or any other criminal activities, but they were arrested by Defendant Cynthia Hernandez and Defendant Michael Jarzombek, both Bexar County police officers, without probable cause. *Id.* at ¶¶ 10, 12, 19, 24.

Plaintiffs allege that Defendant Whataburger acted under color of state law and as an "agent servant and/or the joint venture" of Hernandez and Jarzombek regarding their claims under 42 U.S.C. § 1983. Docket no. 1 at ¶ 18. In their negligence claim, Plaintiffs allege Defendant Whataburger had "a duty to protect and not to cause harm to the minor children" and "willfully breached their duty of care to Plaintiffs and caused the minor children injuries when the minor child were [*sic*] assaulted, and arrested without any probable cause and falsely imprisoned." *Id.* at ¶¶ 29-30. Although Plaintiffs also assert causes of action for assault, false arrest/false imprisonment, and intentional infliction of emotional distress against "all Defendants," these causes of action fail to specify any particular conduct attributable to Whataburger. The so-called "failure to supervise" cause of action alleges that Whataburger "intentionally, knowingly and/or recklessly caused severe personal injury to a minor child by the failure to supervise employees of Whataburger Restaurants, LLC and Bexar County Sheriff's Office." *Id.* ¶ 59.

Defendant Whataburger filed a motion to dismiss for failure to state a claim on October 8, 2018, arguing: (1) the complaint fails to allege facts to state a claim for relief; (2) Plaintiffs did not state a basis for alleging Defendant Whataburger was a state actor; (3) Defendant Whataburger could not interfere with police as it is a criminal offence to do so; (4) Defendant Whataburger was not specifically mentioned in the assault allegations; (5)

allegations of arrest negate claims of false imprisonment; (6) the intentional infliction of emotional distress claim is redundant; and (7) Plaintiffs did not state a claim for failure to supervise against Defendant Whataburger.

Plaintiffs responded to the motion to dismiss on October 23, 2018. Docket no. 4. The response fails to address the issues presented in the motion to dismiss, and instead argues that Plaintiffs are alleging a premises liability claim against Whataburger under Texas law. Docket no. 4 at 8. Defendant Whataburger filed a reply on October 31, 2018. Docket no. 7.

## II. LEGAL STANDARD

Defendant Whataburger moves to dismiss under Rule 12(b)(6) for failure to state a claim. A complaint survives a 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The complaint's factual allegations must be taken as true and construed in favor of the plaintiff when considering a motion to dismiss under Rule 12(b)(6). *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Factual allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Mere conclusions or conclusory statements "must be supported by factual allegations" before they are given the assumption of truth. *Id.* at 679. When reviewing a 12(b)(6) motion to dismiss, "[c]ourts are not to consider matters outside the complaint except in very limited circumstances." *McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 860 (W.D. Tex. 2015).

## III. ANALYSIS

Defendant Whataburger asserts Plaintiffs fail to state a claim upon which relief can be granted because they fail to articulate that Whataburger breached any duty it owed to Plaintiffs and the only factual allegation in the complaint concerning Whataburger's conduct is that Whataburger consented to the Plaintiffs' presence on the premises because they had purchased food. Docket no. 3 at ¶ 10, 13-14, 17. As noted, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs' allegation that Defendant consented to their presence on the premises does not support any of the specified causes of action in the complaint. There are no facts pled relevant to Whataburger that would support the asserted claims for constitutional violations under § 1983, assault, false arrest/false imprisonment, intentional infliction of emotional distress, or "failure to supervise." Further, with regard to duty, the complaint alleges in a conclusory manner a breach of fiduciary duty by all Defendants arising out of "certain special relationships between her minor child and the Defendants" and that all Defendants have a "duty to protect and not to cause harm," which was breached when Plaintiffs were assaulted, arrested without probable cause, and falsely imprisoned by Bexar County deputies. Docket no. 1 at ¶¶ 7, 9, 29-30.

Plaintiffs' response to the motion to dismiss essentially concedes that Plaintiffs have failed to plead facts supporting any of the asserted causes of action by failing to identify any such facts, and instead arguing that Plaintiffs' claim against Defendant Whataburger is one for premises liability. Therefore, the § 1983, negligence, false arrest and false imprisonment, intentional infliction of emotional distress, and "failure to supervise" claims are dismissed against Defendant Whataburger for failure to state a claim upon which relief may be granted.

4

Plaintiffs contend in their response that they have stated a premises liability claim consistent with the "short and plain statement" requirements of Rule 8. Docket no. 4 at 4. However, instead of actually identifying any allegations in the complaint that plausibly state a premises liability claim, Plaintiffs' response simply recites the applicable law governing pleadings and Rule 12(b)(6) dismissals. *Id.* at 4-8. Further, the only cause of action in the complaint that could conceivably encompass Plaintiffs' purported premises liability claim is Plaintiffs' negligence cause of action, but an ordinary negligence claim is based on negligent activity – affirmative, contemporaneous conduct by the premises owner that caused the injury – and Plaintiffs make no such allegations. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2015). In contrast, a premises liability claim "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* Plaintiffs' current pleadings fail to include any allegations that would put Whataburger on notice of a premises liability claim.

Perhaps recognizing this, Plaintiffs' response asserts new allegations and arguments in support of their assertion that Whataburger may be liable for premises liability, including that Whataburger owed a duty of care to its invitees or customers, that Plaintiffs were invitees or customers when they were injured on its premises, that Whataburger is responsible for keeping its properties safe for those who eat and drink there or for providing a warning if it cannot, that there have been "several incidences of fights and assaults on Whataburger's premises including in the parking lot of Whataburger that predates the circumstances that lead to Plaintiffs' injuries," that "Whataburger knew or should have known the incidences fights and assaults on its premises [*sic*] and failed to exercise reasonable care," and that Whataburger

failed to provide adequate security to ensure customer safety on its premises. *Id.* at 9-10. Plaintiffs request that, in the event the Court finds that their cause of action is not adequately pled, they be granted leave to amend. *Id.* at 13. Whataburger contends that Plaintiffs have failed to state a claim for premises liability and that leave to amend should be denied because even the new allegations fail to state a plausible claim to relief.

Because the current pleadings fail to state a claim for premises liability, the Court will consider whether Plaintiffs should be given leave to amend. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Generally, courts grant requests to amend "unless amendment would necessarily be futile." *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 620 (W.D. Tex. 2013). To determine whether amendment would be futile, the Court examines the elements of a premises liability claim and whether Plaintiff has provided sufficient allegations to assert a plausible claim to relief.

Premises liability claims require a premises owner or operator to have actual or constructive knowledge of unsafe conditions on a property that pose "an unreasonable risk of harm." *Keetch v. Kroger Co*, 845 S.W.2d 262, 264 (Tex. 1992). Plaintiffs must show their injuries were proximately caused by the owner or operator's failure to use reasonable care. *Id*. Proximate cause requires both cause in fact and foreseeability. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). "Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). A defendant must do more than furnish conditions that make the injury possible for cause in fact to be established. *Id.* Foreseeability requires "the injury 'might reasonably

have been contemplated' as a result of the defendant's conduct." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (quoting *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex.1980)). "Cause is not established if the conduct of the defendant is 'too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm.'" *See Davis v. City of Fort Worth*, No. 4:14-CV-491-A, 2014 WL 5473201, at *4 (N.D. Tex. Oct. 29, 2014) (plaintiff did not state a claim for premises liability against her employer due to a lack of proximate cause after being injured by police on the property).

In the present case, Plaintiffs initially appear to allege that foreseeable criminal activity on the Whataburger premises caused their injuries insofar as they assert that there have been several incidences of fights and assaults on Whataburger's premises and that Whataburger "knew or should have known [of] the incidences, fights, and assaults on its premises and failed to exercise reasonable care by *inter alia* providing adequate security to prevent harm." Docket 4 no. 2. Generally, reasonable care does not include protecting invitees from the criminal activities of third parties, but there is an exception to this rule when the asserted danger is the risk of injury from criminal activity and the owner or operator of the premises "knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). Even in such circumstances, "the evidence must reveal 'specific previous crimes on or near the premises,'" and whether a risk was foreseeable must be determined in light of what the premises owner knew or should have known before the criminal act occurred, considering factors such as how recently previous criminal conduct occurred, how often it occurred, how similar the conduct was, and what publicity was given. *Id.*

Here, however, the injuries alleged by Plaintiffs stem from the alleged false arrest by the police after the altercation in the parking lot, not from the altercation itself. Because *Timberwalk* requires that the premises owner be on notice of the specific danger, Plaintiffs would need to show Defendant knew or had reason to know of an unreasonable and foreseeable risk of harm that an altercation in the parking lot would occur and would result in constitutional violations from the police. Neither Plaintiffs' complaint nor their response to the motion to dismiss alleges additional instances of police misconduct that would put Defendant on notice of potential harm to its patrons from the police.

Additionally, Plaintiffs claim Defendant breached its duty by not having security after a number of fights took place on the premises. Plaintiffs claim this lack of security caused the injuries sustained from the alleged wrongful arrest. Cause in fact and foreseeability "cannot be satisfied by mere conjecture, guess, or speculation." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798–99 (Tex. 2004). While perhaps at some general level the lack of security could be a but-for cause of the fight and Plaintiffs' eventual alleged injuries, Plaintiffs have not alleged facts demonstrating Defendant's lack of security on the premises proximately caused the injuries sustained from a false arrest. Lack of security was not a substantial factor in Plaintiffs' arrests, nor was it foreseeable that a lack of security would lead to an alleged false arrest by police officers.

A second framework for proving foreseeability is the narrow one outlined in *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010). *Del Lago* "did not involve evidence of specific, prior crimes but rather found a duty to intervene when a premises owner had 'actual and direct knowledge' of 'imminent' criminal conduct." *Smit v. SXSW Holdings, Inc.*, 903

F.3d 522, 531 (5th Cir. 2018). However, the *Del Lago* line of cases has not been extended to require a premises owner to protect customers from alleged constitutional violations by police, and in fact Texas law precludes vicarious liability even when the premises owner employs the police officer if the officer is acting in his official capacity as a police officer. *See, e.g.*, *Cox v. City of Fort Worth, Tex.*, 762 F. Supp. 2d 926, 939 (N.D. Tex. 2010).

As noted, Plaintiffs request they be granted leave to amend their complaint pursuant to Rule 15(a)(2) to assert a premises liability claim if the Court finds the original pleadings inadequate. Docket no. 4 at 13. As discussed, neither the original complaint nor the response contains factual allegations that demonstrate Plaintiffs can articulate a plausible cause of action for premises liability even if the request to amend were granted. Therefore, the motion to dismiss for failure to state a claim is granted and the motion for leave to amend is denied.

## IV. CONCLUSION

The Court GRANTS Defendant Whataburger's motion to dismiss for failure to state a claim upon which relief can be granted. All claims against Defendant Whataburger are DISMISSED WITH PREJUDICE.

SIGNED this 29th day of November, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE